UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ARTHUR BURNHAM, *on behalf of 45 Block-2 Prisoners*, "class action," | * * * | |
| Plaintiff, | * * | |
| | * | C.A. No. 18-11464-ADB |
| v. | * * | |
| DOUGLAS W. DEMOURA, et al., | * * | |
| Defendants. | * | |

ORDER

BURROUGHS, D.J.

For the reasons stated below, the Court (1) grants the plaintiff's motion for leave to proceed *in forma pauperis*; (2) orders that summonses issue; and (3) denies the plaintiff's motion for class certification.

I.   **Background**

On July 13, 2018, *pro se* plaintiff Arthur Burnham, who is confined at MCI Cedar Junction, filed a civil rights complaint under 42 U.S.C. § 1983 and state law in which he complains that he and the other prisoners at MCI Cedar Junction are being subjected to cruel and unusual punishment, in violation of the Eighth Amendment, because temperatures in their cells have recently reached 120° and prison officials refuse to turn on exhaust fans to abate the situation.  According to Burnham, beginning on June 30, 2018, he and other prisoners complained to prison officials about the excessive heat in their cells and asked that exhaust fans be turned on to reduce the temperature.  Correction officers allegedly responded that they were not allowed to do so.  Burnham claims that multiple prisoners experienced heat stroke, fainting, and other conditions because of the cell temperatures, and that these inmates required medical attention.

Burnham reports that, beginning on June 30, 2018, he made several attempts to obtain a grievance form to formally complain that the exhaust fans were not being employed, but that prison employees refused to provide him with the same.  He states that he told prison employees that he was preparing to file a class-action lawsuit concerning the temperature in the prison and showed them a cover sheet for the same.

Burnham represents that, since July 4, 2018, the exhaust fans have been periodically turned on for all the blocks at MCI Cedar Junction except for the Block 2, where Burnham is housed.  Burnham asserts that his block was singled out in retaliation for attempting to file grievances about the heat and stating that he would file a class action.  The plaintiff alleges that this action has placed him "at grave risk of reprisal from dangerous now agitated prisoners."  Compl. ¶ 58.

Burnham purportedly brings this action on behalf of himself and the other prisoners of Block 2.  He has filed a separate motion for certification of a plaintiff class, with himself as the representative party.[1]  Burnham argues in his motion that class certification is in the interest of

---

[1] On the Civil Cover Sheet, the plaintiff is identified as "Arthur Burnham on behalf of 500 prisoners 'class action.'"  In some passages of the complaint, the plaintiff states that he is bringing this action on behalf of all the prisoners at MCI Cedar Junction.  The caption of the complaint, however, identifies the plaintiff as "Arthur Burnham on behalf of 45 Block – 2 Prisoners. 'class action.'"  The Court assumes that these variations are the result of changes in alleged circumstances that occurred while Burnham was drafting the complaint, which document is dated July 5, 2018.  In one part of the complaint, Burnham alleges that exhaust fans were not being used in any of the cells of the prison.  In the second part of the complaint, Burnham represents that, beginning July 4, 2018, exhaust fans were being used throughout the prison, except in Block 2, where he resides.  In light of said allegations and in the absence of a request for damages, the Court will assume that Burnham is attempting to bring this action only on behalf of the prisoners confined in Block 2 of MCI Cedar Junction.  The Court will also assume that Burnham is seeking certification of a class composed of prisoners assigned to Block 2.  Although Burnham states in the motion that he is seeking certification of a plaintiff class of all prisoners at MCI Cedar Junction, the motion for class certification is dated July 2, 2018, two days before the exhaust fans were allegedly activated for all blocks except Block 2.

justice because, absent class certification, the case will become moot when he is released from prison on August 23, 2018.

## II. Discussion

### A. Motion for Leave to Proceed *in Forma Pauperis*

Upon review of Burnham's motion for leave to proceed *in forma pauperis*, the Court finds that he is without income or assets to prepay the filing fee. Accordingly, the motion is granted. Because it appears that Burnham has been without income or assets for the six months preceding the filing of this action, no initial partial filing fee is assessed. The entire $350 filing fee will be collected in accordance with 28 U.S.C. § 1915(b)(2).

### B. Motion for Class Certification

Even if the proposed class of Block 2 prisoners met all the class certification requirements of Rule 23(a) of the Federal Rules of Civil Procedure, the absence of counsel prevents the Court from certifying a class. Section 1654 of Title 28 of the United States Code provides, in pertinent part, that "[i]n all courts of the United States the parties may plead and conduct their own cases *personally* or *by counsel*") (emphasis added). This statute "bar[s] a non-lawyer from representing anyone but himself." *O'Diah v. Volkswagen of Amer., Inc.*, 91 Fed. App'x 159, 160 (1st Cir. 2004) (per curiam). Thus, a class must be represented by counsel because one member of the class (including a "representative party") "cannot litigate the claims of another class member. *See, e.g.*, *Anderson v. Brown*, 668 F. App'x 221, 222 (9th Cir. 2016) (per curiam); *Johnson v. Brown*, 581 F. App'x 777, 781 (11th Cir. 2014) (per curiam); *Sinclair v. Citi Mortg., Inc.*, 519 F. App'x 737, 739 (3d Cir. 2013) (per curiam); *Szubielski v. Pierce*, 152 F. Supp. 3d 227, 233 (D. Del. 2016); *Vazquez v. Fed. Bureau of Prisons*, 999 F. Supp. 2d 174, 177-78 (D.D.C. 2013).

### III. Conclusion

Accordingly:

1. The motion for leave to proceed *in forma pauperis* is GRANTED. No initial partial filing fee is assessed. The entire $350 filing fee will be collected in accordance with 28 U.S.C. § 1915(b)(2).

2. The motion for class certification is DENIED WITHOUT PREJUDICE

3. The Clerk shall issue summonses as to both defendants.

4. The plaintiff is responsible for serving the summonses, complaint, and this order on the defendants in compliance with Rule 4 of the Federal Rules of Civil Procedure and Local Rule 4.1. Service must be completed within 90 days of the date of this Order. Failure to comply with this deadline may result in dismissal of this action. *See* Fed. R. Civ. P. 4(m); Local Rule 4.1 (D. Mass.).

5. Because the plaintiff is proceeding *in forma pauperis*, he may elect to have service completed by the United States Marshals Service ("USMS"). If the plaintiff chooses to have service completed by the USMS, he shall provide the agency with all papers for service on the defendants and a completed USM-285 form for each party to be served. The USMS shall complete service as directed by plaintiff with all costs of service to be advanced by the United States. The Clerk shall provide the plaintiff with forms and instructions for service.

6. The Clerk shall immediately provide counsel for the Massachusetts Department of Correction with electronic copies of the complaint and this order. The defendants shall, no later than Monday, July 23, 2018 at 1:00pm, file with this Court a status report concerning the use of exhaust fans or other air-cooling methods used in Block 2, including the circumstances which would trigger the use of these measures and the maximum inside temperature experienced by Block 2 prisoners in the last 30 days, with and without the use of exhaust fans or other air-

cooling methods.  If Burnham is no longer housed in Block 2, the status report shall also include the same information about the block in which Burnham's cell is located.  The defendants' submission of this status report shall not constitute a waiver of service of summons.

    IT IS SO ORDERED.

Dated:  July 17, 2018

                                            /s/ Allison D. Burroughs
                                           ALLISON D. BURROUGHS
                                           DISTRICT JUDGE